IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE M. GARCIA AND IRMA GARCIA, </br></br> Plaintiffs, </br></br> v. </br></br> MIDWEST MUTUAL MORTGAGE, INC., MARIA ELROD, AND INDYMAC BANK, </br></br> Defendants. | Case No. 08 C 745 </br></br> Judge Charles R. Norgle |

## **INDYMAC BANK, F.S.B.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT IN EQUITY**

Defendant Indymac Bank, F.S.B. ("Indymac"), by its attorneys, submits their answer and affirmative defenses to Plaintiffs' Complaint in Equity, and states as follows:

1.  The Plaintiffs Jose M. Garcia and Irma Garcia are husband and wife and residents of the County of Cook at all relevant times.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

2.  The Defendant Midwest Mutual Mortgage Inc., is an Illinois Corporation allowed to do business in the State of Illinois at all relevant times and does business as a mortgage broker.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

3.  The Defendant Maria Elrod is the sister of the Plaintiff Irma Garcia and at all relevant times a resident of Cook County Illinois.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

4. The Defendant IndyMac Bank is a foreign corporation allowed to do business in the State of Illinois and does business as loaning money to homeowners.

**ANSWER:** Indymac admits that it is not incorporated in Illinois, that it is allowed to conduct business in Illinois, and that a part of its business includes the origination of residential mortgage loans. Otherwise denied.

5. The Defendant Unknown Appraiser is an Illinois Appraiser who is in the business of appraising property.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

6. On or before February 1, 2007 the Defendant Maria Elrod owned real property, hereafter referred to as the Property, at 5425 West Carmen Avenue, Chicago, Illinois 60630 with the following legal description:

> The east 25 feet of Lot 24 Block 16 in the Village of Jefferson, in the west of the southwest of Section 9, Township 40 North, Range 13 East of the Third Principal Meridian in Cook County Illinois
>
> Having permanent index number of: 13-09-311-049-0000
>
> Commonly known as 5425 West Carmen Avenue, Chicago, Illinois 60630.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

7. The Defendant Maria Elrod was behind in her mortgage payments and wanted to refinance this mortgage. Defendant Maria Elrod discussed this with Defendant Midwest Mutual Mortgage Inc.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

8. The Defendant Midwest Mutual Mortgage Inc., told her to recruit a family member with good credit to buy the property.

2

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

9. Once this family member was recruited, then Midwest Mutual Mortgage Inc., stated it would refinance Defendant Elrod's home and that Defendant Maria Elrod would stay there and make the new mortgage payments and then a year later buy the property back from the family member.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

10. Defendant Maria Elrod recruited her sister and her husband, the Plaintiffs to purchase the property and then sign the new mortgages.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

11. The Plaintiffs met with Defendant Midwest Mutual Mortgage and engaged them as their mortgage broker.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

12. Defendant Midwest Mutual informed the Plaintiffs that they would make the loans substantially higher than the current payoff figure for Defendant Maria Elrod's outstanding loans and give that money to Defendant Maria Elrod who in turn would use that money for one year to pay the mortgage payments and reestablish her credit and then repurchase the home back from the Plaintiffs.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

13. Defendant Midwest Mutual Mortgage informed the Plaintiffs that they did not need a lawyer and that they had nothing to worry about and that Midwest Mutual would take care of them.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

14. Prior to the closing, the Defendant Midwest Mutual Mortgage told the Plaintiffs just to sign all the mortgage documents and that the Defendant would secure the mortgages and everything would be fine.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

15. On or about February 2, 2007, the Plaintiffs signed two Defendant IndyMac Bank's mortgages documents: a first for $360,000.00; and a second mortgage for $90,000.00. A copy of both Notes and Mortgages are attached as Exhibits A and B respectively.

**ANSWER:** Indymac admits that Exhibit A to Plaintiffs' Complaint purports to be a copy of a Fixed/Adjustable Rate Note dated February 2, 2007 in the amount of $360,000. Indymac admits that Exhibit B to Plaintiffs' Complaint purports to be a copy of a Mortgage dated February 2, 2007 in the amount of $360,000. Indymac admits it made a second mortgage to Plaintiffs in the amount of $90,000, dated February 2, 2007, but denies that documents related to that second mortgage are attached to Plaintiffs' Complaint. Answering further, the documents speak for themselves. Otherwise denied.

16. In receipt of this $450,000.00 the Defendant Maria Elrod conveyed the Property to the Plaintiffs subject to these two liens. Plaintiffs do not have a copy of the Deed as Defendant Midwest Mutual Mortgage company did not give them a copy of the same.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

17. The Plaintiffs did not attend the closing but presigned these documents with Defendant Midwest Mutual Mortgage Inc.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

4

18.     Midwest Mutual Mortgage Inc. did not give the Plaintiffs a copy of the RESPA or the closing statement from the closing nor did Midwest Mutual Mortgage provide them any copies of any of the loan applications and other documents.

**ANSWER:**     Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

19.     Plaintiffs believe that Midwest Mutual Mortgage Inc., put false statements regarding their income and other false information on the loan applications.

**ANSWER:**     Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

20.     Plaintiffs have made demand upon the Defendants for a copy of the appraisal for the property, the RESPA and other closing documents pertaining to this closing and those demands have been ignored.

**ANSWER:**     Because this answer relates to the Defendants generally, Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

21.     Midwest Mutual Mortgage engaged an Unknown Appraiser who appraised the property at a value in excess of $100,000.00 of its fair market value in order to make these above loans.

**ANSWER:**     Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

22.     The Defendant Midwest Mutual Mortgage and Defendant IndyMac Bank did not provide to the Plaintiffs a Truth in Lending Disclosure Statement prior to signing either loan.

**ANSWER:**     Denied, as it relates to Indymac.  To the extent this allegation relates to another defendant, Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.  Answering further, upon information and belief,

Plaintiffs were provided with, and signed, Truth in Lending Disclosures for both mortgage loans on February 2, 2007.  *See* Exs. 1 and 2 to this Answer and Affirmative Defenses.

23.     The Defendant Maria Elrod has failed to make the required payments on the two outstanding mortgages and has informed the Plaintiffs that the Defendant Midwest Mutual Mortgage took substantially more money from the closing than reported on the Truth in Lending statements.

**ANSWER:**     Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

**Count I Rescission**

1-23.   Plaintiffs reassert paragraphs 1 through 23 of the Common Facts as asserted here.

**ANSWER:**     Indymac adopts its responses to ¶¶ 1-23 as though fully set forth herein.

24.     Illinois Courts allow contracts to be rescinded where there is fraud or material non-performance by one of the parties.

**ANSWER:**     This allegation states a legal conclusion and, therefore, Indymac is not required to answer.  To the extent that Indymac is required to answer, Indymac denies that Plaintiffs are entitled to rescission.

25.     Here the purchase price paid by the Plaintiffs was more than $100,000.00 greater than the fair market value of the property.

**ANSWER:**     Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

26.     The Defendant Midwest Mutual Mortgage knew that the purchase price was $100,000.00 greater than actual market value and utilized this fraudulent appraisal to induce this transaction.

**ANSWER:**     Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

27. Because the Defendant IndyMac Bank did not disclose the Truth in Lending Disclosures timely, the Plaintiffs did not realize this difference before signing the documents.

**ANSWER:** Indymac denies that it did not timely disclose Truth in Lending Disclosures. Indymac lacks information or knowledge sufficient to form a belief as to the truth of the remainder of this allegation, and therefore denies same.

28. The Defendant Midwest Mutual Mortgage Company was the agent for Defendant Indymac Bank and was compensated by IndyMac Bank for its services.

**ANSWER:** Indymac denies that Midwest Mutual Mortgage Company is Indymac's agent and, at this point, lacks information or knowledge sufficient to form a belief as to the truth of the allegation regarding compensation to Midwest Mutual Mortgage Company.

29. The Plaintiffs believed these above statements and justifiable relied upon these false representations and entered into these mortgages.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

30. The Defendant Maria Elrod has ceased making mortgage payments on the Property but she continues to reside there.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

31. The Plaintiffs are offering to execute a deed conveying this Property back to the Defendant Maria Elrod.

**ANSWER:** Indymac lacks information or knowledge sufficient to form a belief as to the truth of this allegation, and therefore denies same.

**Count II Consumer Fraud**

1-23. Plaintiffs reassert paragraphs 1 through 23 of the Common Facts as asserted here.

**ANSWER:**   Indymac adopts its responses to ¶¶ 1-23 as though fully set forth herein.

32.-38. This Count is not directed at Indymac. Therefore, no answer is required from Indymac.

### Count III Fraud

1-23.   Plaintiffs reassert paragraphs 1 through 23 of the Common Facts as asserted here.

**ANSWER:**   Indymac adopts its responses to ¶¶ 1-23 as though fully set forth herein.

39.-40. This Count is not directed at Indymac. Therefore, no answer is required from Indymac.

### Count IV: Statutory Violation of Mortgage Broker Act

1-23.   Plaintiffs reassert paragraphs 1 through 23 of the Common Facts as asserted here.

**ANSWER:**   Indymac adopts its responses to ¶¶ 1-23 as though fully set forth herein.

41.-54. This Count is not directed at Indymac. Therefore, no answer is required from Indymac.

### Count V: Civil Conspiracy

1-20.   Plaintiffs reassert paragraphs 1 through 20 of the Common Facts as asserted here.

**ANSWER:**   Indymac adopts its responses to ¶¶ 1-20 as though fully set forth herein.

55.-58. This Count is not directed at Indymac. Therefore, no answer is required from Indymac.

### AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional defenses thereto, Indymac incorporates by reference the foregoing answers and affirmative statements as though fully set

forth herein, without assuming the burden of proof where such burden is otherwise on Plaintiffs as a matter of applicable substantive procedural law, and further alleges as follows:

1. The documentation for both loans Plaintiffs obtained from Indymac includes a "1-4 Family Rider," which deletes the Mortgage provision stating that the "Borrower shall occupy, establish, and use the Property as Borrower's principal residence" (Larger Mortgage ¶ 6 (Ex. B to Plaintiffs' Complaint); Smaller Mortgage ¶ 6 (attached hereto as Ex. 3)), and replaces it with provisions relating to rent loss insurance and assignment of leases and rents. *See* 1-4 Family Rider for Larger Mortgage (Ex. B to Plaintiffs' Complaint) ¶¶ D, F-H; 1-4 Family Rider for Smaller Mortgage (attached hereto as Ex. 4)) ¶¶ D, F-H.

2. Plaintiffs admit that they do not reside at the property. *See* Complaint ¶¶ 9-11.

3. Plaintiffs admit that they were informed by co-Defendant Midwest Mutual Mortgage that Plaintiffs "would make the loans substantially higher than the current payoff figure for Defendant Maria Elrod's outstanding loans and give that money to Defendant Maria Elrod who in turn would use that money for one year to pay the mortgage payments and reestablish her credit and then repurchase the home back from the Plaintiffs." Complaint ¶ 12.

4. Plaintiffs admit that they did not hire an attorney, nor did they attend the closing of their loans. Complaint ¶¶ 13, 17.

5. Plaintiffs offered to purchase the property for $450,000 on or before January 22, 2007. *See* Residential Real Estate Contract at 1, 2 (listing the "Purchase Price" as $450,000 and the "Acceptance Date" as January 22, 2007) (attached hereto as Ex. 5).

6. On information and belief, the appraisal of the property occurred after January 22, 2007.

**First Affirmative Defense**

7. Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

9

8.	If Plaintiffs are alleging that Indymac violated the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), then Plaintiffs are not entitled to rescission under TILA.

9.	Because the property that is the subject of the loans at issue is not Plaintiffs' principal dwelling, Plaintiffs are not entitled to rescission under TILA. 15 U.S.C. § 1635(a).

## Second Affirmative Defense

10.	Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

11.	If Plaintiffs are alleging that Indymac violated TILA, then Plaintiffs' loan is not subject to TILA. The transaction involved investment property, to which TILA does not apply. 15 U.S.C. § 1603(1).

## Third Affirmative Defense

12.	Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

13.	Plaintiffs consented to the conduct alleged in the Complaint and voluntarily relinquished and waived all rights to any claims because, *inter alia*, Plaintiffs reviewed and signed all loan documents with personal knowledge, experience and understanding of the terms of the loan at issue in this case.

## Fourth Affirmative Defense

14.	Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

15.	Because Plaintiffs signed the Notices of Right to Cancel and Truth in Lending Disclosures dated February 2, 2007, Plaintiffs' claims are barred by the applicable statute of frauds.

## Fifth Affirmative Defense

16.	Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

17. Plaintiffs have not suffered any damage as a result of any actions by Indymac; and, in the alternative, Plaintiffs have failed to minimize or mitigate their damages, if any, by, *inter alia*, failing to make a good faith attempt to secure alternative or refinance funding.

### Sixth Affirmative Defense

18. Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

19. Plaintiffs have waived any claim of rescission based on a mistake at time of execution of contract because, *inter alia*, they offered to purchase the property for $450,000 before the property was appraised and before they applied for any loan from Indymac, they admit that co-Defendant Midwest Mutual Mortgage told Plaintiffs before they signed their loan that their loan was going to be higher than the property value, and they signed all of the loan documents.

### Seventh Affirmative Defense

20. Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

21. Plaintiffs have waived any claim of rescission based on an alleged concealment of fact or untrue statement relating to the allegedly inflated purchase price or appraisal price because, *inter alia*, they offered to purchase the property for $450,000 before the property was appraised and before they applied for any loan with Indymac, and they admit that co-Defendant Midwest Mutual Mortgage told Plaintiffs before they signed their loan that their loan was going to be higher than the property value.

### Eighth Affirmative Defense

22. Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

23. To the extent Plaintiffs allege that they are entitled to rescission based on Indymac's alleged failure to timely disclose Truth in Lending Disclosures, Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages, because

all required disclosures and notices were accurately and timely made, and such notices are signed by Plaintiffs as having been received within a timely manner.

### Ninth Affirmative Defense

24. Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

25. To the extent Plaintiffs allege that they are entitled to rescission based on Indymac's alleged failure to timely disclose Truth in Lending Disclosures, Plaintiffs are not entitled to rescission at common law because failure to provide Truth in Lending Disclosures in a timely manner is not grounds for rescission at common law.

### Tenth Affirmative Defense

26. Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

27. By admitting that they did not hire an attorney or attend the closing, Plaintiffs are not entitled to rescission based on any alleged mistake because any mistake occurred notwithstanding Plaintiffs' failure to exercise due care.

### Eleventh Affirmative Defense

28. Indymac incorporates by reference Paragraphs 1-6 of its Affirmative Defenses.

29. Indymac reserves the right to raise such additional defenses as may become apparent to it through written discovery and the presentation of evidence in this case.

Date:  March 6, 2008                                         Respectfully submitted,

                                                             **INDYMAC BANK, F.S.B.**

                                                    By:   s/ Richard E. Gottlieb
                                                          Richard E. Gottlieb (rgottlieb@dykema.com)
                                                          Andrew D. LeMar (alemar@dykema.com)
                                                          Dykema Gossett PLLC
                                                          10 South Wacker Drive, Suite 2300
                                                          Chicago, IL  60606-7407
                                                          (312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2008, I electronically filed the foregoing **Indymac Bank, F.S.B.'s Answer and Affirmative Defenses to Plaintiffs' Complaint in Equity** using the CM/ECF system, which sent notification of such filing to counsel set forth below:

Keil M. Larson (keil@keillarson.com)

In addition, I served the foregoing via U.S. Mail upon the following:

> Midwest Mutual Mortgage, Inc.
> c/o Michael F. Leiva
> 2554 W. Fullerton Ave.
> Chicago, Illinois 60647
>
> Maria Elrod
> 5425 W. Carmen Ave.
> Chicago, Illinois 60630

                                                           s/ Irina V. Frye

CHICAGO\2425832.3
ID\SSTO1