IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE M. GARCIA AND IRMA GARCIA, | ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 08 C 745 |
| MIDWEST MUTUAL MORTGAGE, INC., MARIA ELROD, AND INDYMAC BANK, | ) ) Judge Charles R. Norgle ) ) |
| Defendants. | ) ) |

**INDYMAC BANK, F.S.B.'S MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(C)**

Pursuant to Fed. R. Civ. P. 12(c), defendant Indymac Bank, F.S.B. ("Indymac") moves for judgment on the pleadings with regard to Plaintiffs' rescission claim against Indymac, and in support states:

1.  On January 7, 2008, Jose and Irma Garcia ("Plaintiffs") filed their complaint in Illinois state court ("Complaint" or "Compl.") against Indymac, Midwest Mutual Mortgage, Inc. ("Midwest Mutual"), and Maria Elrod ("Elrod"). On February 4, 2008, Indymac removed the case to this Court, and, on March 6, 2008, Indymac filed its Answer and Affirmative Defenses to the Complaint ("Answer").

2.  Plaintiffs bring a claim for rescission against all defendants,[1] alleging that "Illinois Courts allow contracts to be rescinded where there is fraud or material non-performance by one of the parties." Compl. ¶ 24.

3.  Plaintiffs' admissions in their complaint, along with the documents attached to Indymac's answer, show that Plaintiffs have not adequately pled that they are entitled to

---

[1] Plaintiffs also bring several other claims against Midwest Mutual and Elrod, but Plaintiffs' rescission claim is the only claim against Indymac.

common law rescission because they have not pled a mistake in the making of the mortgages at issue, any fraud in the making of the mortgages, any non-performance by Indymac, or the ability to bring the parties back to the positions in which they were before the mortgage loan transactions.  *See United City of Yorkville v. Vill. of Sugar Grove*, 875 N.E.2d 1183, 1195 (Ill. App. Ct. 2d Dist. 2007) (discussing elements of rescission on basis of non-performance); *In re Marriage of Agustsson*, 585 N.E.2d 207, 213-14 (Ill. App. Ct. 2d Dist. 1992) (discussing elements of rescission on basis of mistake); *Klucznik v. Nikitopoulos*, 503 N.E.2d 1147, 1150 (Ill. App. Ct. 1st Dist. 1987) ("[A] court will not grant rescission of a contract in any event where the *status quo ante* of the parties cannot be restored . . . ."); *Chapman v. Hosek*, 475 N.E.2d 593, 598 (Ill. App. Ct. 1st Dist. 1985) (discussing elements of rescission on basis of fraud).

4. Plaintiffs' admission that the property secured by the mortgages is not their "principal dwelling" exempts the mortgages from TILA and the claim for rescission rights.  15 U.S.C. § 1603(3); *see also id*. § 1635(a).

5. Judgment on the pleadings in favor of Indymac is therefore appropriate under Fed. R. Civ. P. 12(c) because "it appears beyond doubt that the plaintiff can prove no facts sufficient to support his claim for relief, [even if] the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997).

6. As further grounds for this motion, Indymac refers to and incorporates by reference its memorandum in support of this motion, filed concurrently.

WHEREFORE, defendant Indymac Bank, F.S.B. respectfully requests that the Court grant judgment on the pleadings in favor of Indymac on Count I of Plaintiffs' Complaint, and that it award Indymac such other and further relief as the Court deems just and proper.

Date:  April 28, 2008                                         Respectfully submitted,

                  **INDYMAC BANK, F.S.B.**

            By:  s/ Richard E. Gottlieb
               Richard E. Gottlieb (rgottlieb@dykema.com)
               Andrew D. LeMar (alemar@dykema.com)
               Dykema Gossett PLLC
               10 South Wacker Drive, Suite 2300
               Chicago, IL  60606-7407
               (312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed the foregoing **Indymac Bank, F.S.B.'s Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)** using the CM/ECF system, which sent notification of such filing to counsel set forth below:

Keil M. Larson (keil@keillarson.com)

In addition, I served the foregoing via U.S. Mail upon the following:

> Midwest Mutual Mortgage, Inc.
> c/o Michael F. Leiva
> 2554 W. Fullerton Ave.
> Chicago, Illinois 60647
>
> Maria Elrod
> 5425 W. Carmen Ave.
> Chicago, Illinois 60630

s/ Irina V. Frye

CHICAGO\2443028.2
ID\ADL